IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES E. LUCKIE,
                Plaintiff,

vs.                                       Case No. 3:05cv458/RV/EMT

KAFANHI NKRUMAH, et al.,
                Defendants.

_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 14).  Leave to proceed in forma pauperis has been granted (Doc. 5).

       Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Id. at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car

<u>Systems, Inc.</u>, 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the complaint, this court concludes that dismissal of Plaintiff's claim is warranted.

Named as Defendants are Assistant Federal Public Defender (AFPD) Kafahni Nkrumah, Attorney Brian Lang, and Senior United States District Judge Lacey Collier (Doc. 14 at 1-2).  In support of his complaint, Plaintiff alleges the following facts.  He was charged with federal criminal offenses by an indictment that contained fraudulent and misleading United States Statutes and Codes (*id.*, Statement of Facts).  He was then "lied to, deceived and manipulated into entering a guilty plea" by AFPD Nkrumah, who utilized "terror tactics" in order to deceive Plaintiff (*id.*).  After entering a guilty plea, Plaintiff filed a motion to discharge AFPD Nkrumah as counsel (*id.*).  Upon learning of Plaintiff's motion, AFPD Nkrumah filed a motion to withdraw as counsel (*id.*).  Thereafter, AFPD Nkrumah was withdrawn from Plaintiff's case and Attorney Lang was appointed to represent him.  According to Plaintiff, Attorney Lang is a "carbon copy" of the AFPD and continued with "more of the same lieng [sic], misleading and deceptive ways" (*id.*).  Plaintiff asked Attorney Lang to file a motion to withdraw his guilty plea, but Lang refused, stating "he nether [sic] anyone thereof in his firm could file frivolous motions" (*id.*).  Finally, Plaintiff states that he requested that Lang file a notice of appeal on his behalf, but Lang failed to do so (*id.*).

Regarding Judge Collier, Plaintiff alleges that he "showed complete bias and prejudice" by accepting Plaintiff's guilty plea to an indictment that carried "two fraudulent [sic] and misleading counts along with fraudulent [sic] and misleading United States Statutes and United States Codes" and by communicating directly with counsel for the government during Plaintiff's rearraignment (*id.*).  He further alleges that Judge Collier impermissibly denied his motion to withdraw his guilty plea and his motion to continue sentencing so he could hire private counsel, showed bias by granting the AFPD's motion to withdraw instead of his (Plaintiff's) motion to discharge counsel, showed bias by sentencing Plaintiff to incarceration on Counts One and Three of the indictment because "no time was applicable" to those counts, and impermissibly refused to rule upon Plaintiff's motion to vacate the sentence (*id.*).  As relief Plaintiff seeks to have the sentence vacated, the indictment dismissed, and "a reasonable financial amount for pain and suffering and the mental anguish [he is] going through" (*id.* at 8).

Initially, although Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983,[1] he seeks relief in the nature of habeas corpus.  Based upon the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), dismissal of the instant action is warranted.  The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Id. at 2372.  Absent such an invalidation, the section 1983 suit must be dismissed.[2]  Id.  Although Heck involved a collateral attack on a state court conviction, the Eleventh Circuit has found that "collateral attacks on federal criminal convictions pose the same threat to the finality of federal criminal trials and have the same potential for creating inconsistent results as collateral attacks on state court proceedings"; thus, the Heck rule applies to Bivens damages claims.  Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).  See also Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994) (finding that where a civil rights action implicates the validity of a conviction, there should be no distinction between state and federal prisoners; therefore, the analysis of a federal prisoner's Bivens-type action implicating a conviction 'should parallel the analysis used to evaluate state prisoners' § 1983 claims' (quoting Spina v. Aaron, 821 F.2d 1126, 1127-29 (5th Cir. 1987)).

With respect to Plaintiff's other claims, Heck reaffirmed what the Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."  Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's

---

[1]Plaintiff filed his complaint on the form for use in Section 1983 cases; however, his complaint challenges the constitutionality of the actions of federal officials.  It is therefore construed as a Bivens suit.  Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[2]Although Heck was a § 1983 case, Bivens suits are similar to those brought under § 1983.  Section 1983 suits challenge the constitutionality of the actions of state officials, while Bivens suits challenge the constitutionality of the actions of federal officials.  "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials."  Dean v. Gladney, 621 F.2d 1331, 1336 (5th Cir. 1980), cert. denied, 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981).  Thus, courts generally apply § 1983 law to Bivens cases.

confinement is properly treated as a habeas corpus claim.  Prather v. Norman, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982).  Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims (such as Plaintiff's request that his sentence be vacated and the indictment dismissed) are claims which challenge the validity of his conviction and/or sentence and are simply not cognizable under § 1983. Abella, 63 F.3d at 1066.  "This rule applies equally to Bivens actions."  *Id.* (citing Dees v. Murphy, 794 F.2d 1543, 1545 (11th Cir. 1986) (citing Preiser as support for dismissal of Bivens claim challenging validity of plaintiff's conviction)).

It is clear from the face of the complaint that Plaintiff has not obtained any invalidation of his conviction.[3]  It is also clear that Plaintiff's claims challenge the validity of his conviction. Therefore, this federal civil rights case should be dismissed without prejudice to its refiling in the event Plaintiff obtains such an invalidation through habeas corpus or another avenue.

Finally, to the extent Plaintiff seeks monetary damages against Judge Collier, he is not entitled to relief because judges acting in their judicial capacity are absolutely immune from damages suits.  Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526-27, 105 S.Ct. 2806, 2815-16, 86 L.Ed.2d 411 (1985)); Dennis v. Sparks, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *see also* Sun v. Forrester, 939 F.2d 924, 925-26 (11th Cir. 1991), *cert. denied*, 503 U.S. 921, 112 S.Ct. 1299, 117 L.Ed.3d 521 (1992).  This immunity is retained even if it is alleged that the judge conspired with other parties to bring about a deprivation of another's rights.  Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted).  Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction.  Stump v. Sparkman, 435 U.S. 349,

---

[3]Additionally, the court notes that the docket sheet for Plaintiff's criminal case reflects that a notice of appeal was filed on November 1, 2005, and an Amended Notice of Appeal was filed on November 7, 2005 (Case Number 3:05cr42/LAC (Docs. 35, 40)), and that the appeal is pending.  Moreover, the docket sheet for the instant case reflects that Plaintiff is presently incarcerated at the United States Penitentiary in Beaumont, Texas (*see* Doc. 25).

356-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978); <u>Mireles</u>, 502 U.S. at 11; <u>Forrester v. White</u>, 484 U.S. 219, 227, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988).

Whether an act by a judge is a 'judicial' one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." <u>Mireles</u>, 502 U.S. at 11 (citing <u>Stump</u>, 435 U.S. at 362); *see also* <u>Simmons v. Conger</u>, 86 F.3d 1080, 1085 (11th Cir. 1996). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." <u>Mireles</u>, 502 U.S. at 13 (citing <u>Stump</u>, 435 U.S. at 362). In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. <u>Stump</u>, 435 U.S. at 355-357; *see also* <u>Mireles</u>, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner. <u>Simmons</u>, 86 F.3d at 1084-85 (citing <u>Stump</u>, 435 U.S. at 356-57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. <u>Dykes</u>, 776 F.2d at 946-47 (citations omitted). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. <u>Stump</u>, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. <u>Harper v. Merckle</u>, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. <u>Stump</u>, 435 U.S. at 357 (quotation omitted).

Turning to the instant case, the conduct of which Plaintiff complains, specifically, Judge Collier's denial of various motions filed by Plaintiff, his refusal to rule on a particular motion filed

by Plaintiff, and his imposition of a prison sentence on Counts One and Three of the indictment, are functions normally performed by a judge.  Furthermore, as Plaintiff was a party in the case over which Judge Collier presided, he clearly dealt with Judge Collier in his judicial capacity.  Moreover, Plaintiff does not allege, nor do the facts suggest, that Judge Collier acted in the complete absence of all jurisdiction.

Accordingly, it respectfully **RECOMMENDED**:

1.      That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      That all pending motions be denied as moot.

At Pensacola, Florida, this 4th day of May 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**